**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**MUSTAFA OZSUSAMLAR,**

       Petitioner,

v.                                                  **CIVIL ACTION NO. 5:19-CV-155**
                                                        **(BAILEY)**

**F. ENTZEL,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 4, 2020, wherein he recommends the petition be denied and dismissed without prejudice.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Hazelton in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on April 25, 2019, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. On February 1, 2007, petitioner was sentenced to a total of 235 months' imprisonment after being found guilty of conspiracy to bribe a public official, bribery of a public official, conspiracy to commit fraud in connection with identification documents, fraud in connection with identification documents, conspiracy to transport illegal aliens, and transportation of illegal aliens, as enumerated in the R&R. [Doc. 8 at 1-2]. According to the BOP website,

1

petitioner is scheduled to be released on October 28, 2032.

In his petition, petitioner appears to raise several reasons why he is challenging his sentence. Petitioner asserts criminal injustice, racial discrimination, corruption, and claims he is not the same Mustafa as the person who committed the crime. [Doc. 1 at 5]. Further, he claims ineffective assistance of counsel both at trial and sentencing. [Id. at 6]. As noted by the Magistrate Judge, although petitioner is not clear in what relief he is requesting, this Court assumes from context that he is seeking to have his conviction set aside or sentence reduced.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections

2

where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner then filed a motion to extend time to respond on January 15, 2020 [Doc. 17], and this Court granted the motion [Doc. 18]. Petitioner then timely filed his Objections to the Magistrate Judge['s] Report and Recommendations Specifically [Doc. 20] on February 18, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be

3

criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

Here, the Magistrate Judge found that petitioner is unable to meet the savings clause of § 2241, either as a challenge to his conviction or sentence. First, to the extent petitioner is challenging his conviction, the Magistrate Judge found that he is unable to satisfy the test in *Jones* because, even if he were able to meet the other elements, the crimes for which he was convicted remain criminal offenses and he cannot satisfy the second element. [Doc. 8 at 10]. Similarly, the Magistrate Judge found that to the extent petitioner is challenging his sentence, he is unable to meet the four-part *Wheeler* test. [Id.].

4

Petitioner cannot show any change to the settled law establishing the legality of his sentence, let alone a change which applies retroactively. [Id.]. Because the petitioner cannot meet either the test under **Jones** or **Wheeler**, the Magistrate Judge found that the petition should be dismissed for lack of jurisdiction. [Id. at 11].

On February 20, 2020, petitioner filed his objections to the R&R [Doc. 12]. There, petitioner reasserts several arguments from his petition: that he is the victim of racial discrimination and corruption, that he serving time for another person named Mustafa, and that he received a disproportionate criminal sentence. Petitioner does not, however, address the Magistrate Judge's findings that petitioner cannot meet the tests under either **Jones** or **Wheeler** and that he is therefore not entitled to the application of the savings clause. Accordingly, this Court reviews the Magistrate Judge's findings on the savings clause for clear error and finds none. Because the petitioner is bringing a § 2241 petition that does not fall within the scope of the savings clause, this Court lacks jurisdiction and must dismiss the petition.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 12]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 26, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE